UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL TEKLEMARIAM HAGOS,

                      Petitioner,

v.

CITY OF SEATTLE,

                      Respondent.

Case No. C23-0036-LK-SKV

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Daniel Teklemariam Hagos is currently confined at King County Jail in Seattle, Washington.  Proceeding pro se and *in forma pauperis*, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his 2022 judgment and sentence in the Municipal Court of Seattle.  Dkt. 5.  The Court issued an order outlining deficiencies in the petition, declining to serve the petition, and granting Petitioner leave to amend.  Dkt. 6.  The deficiencies identified by the Court were (i) failure to name the correct respondent, (ii) failure to specify a cognizable ground for habeas relief, and (iii) failure to exhaust state court remedies.  *See* Dkt. 6.  Petitioner filed an amended petition that did not correct these deficiencies.  Dkt. 7.

REPORT AND RECOMMENDATION
PAGE - 1

After careful review of the amended petition and the record, this Court concludes Petitioner's federal habeas petition should be dismissed.

## II.     DISCUSSION

Petitioner's federal habeas petition was filed on January 19, 2023. *See* Dkt. 5. After reviewing the petition, this Court determined that Petitioner's state law remedies did not appear to be exhausted, that he failed to state a cognizable ground for habeas relief, and that he improperly named the City of Seattle as Respondent. *Id.* The Court issued an Order declining to serve the petition and granting Petitioner an opportunity to amend. *See* Dkt. 6. In its Order, the Court stated that any amended petition must "correct the noted deficiencies" or it would be "subject to dismissal without prejudice." *Id.* at 3.

The amended petition does not correct the deficiencies outlined in the Court's Order. First, the amended petition does not make clear that Petitioner has properly exhausted his state court remedies. Section 2254 unequivocally requires that a state prisoner exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner indicates in his petition that he appealed from the underlying judgment of

conviction, but provides no information about such an appeal or otherwise regarding how he has exhausted his state court remedies. *See* Dkt. 7. As such, his petition should be dismissed as ineligible for federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A).

Second, the amended petition does not state a cognizable ground for habeas relief. The Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of *federal* law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1). Petitioner needed therefore to allege that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The only arguably federal complaint in the amended petition, however, is a conclusory statement that "Seattle City officers . . . perpetrated terrorist acts and violated [Petitioner's] state and federal rights."[1] Dkt. 7 at 4. The amended petition does not support this conclusion though, and the Court cannot discern any facts that would. The petition should be dismissed on this basis as well.

Finally, "[t]he proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" *Brittingham v. U.S.*, 982 F.2d 378, 379 (9th Cir. 1992) (citation omitted); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (proper respondent to a habeas petition is "the person who has custody over the petitioner," and who has "the ability to produce the prisoner's body before the habeas court"). If Petitioner does decide to seek federal

---

[1] Petitioner writes "Sherman Act" in two places on the petition. *See* Dkt. 7 at 4 and 15. Given that he does not properly allege a claim under the Sherman Act, however, and that it is far from clear that such a claim would be a valid ground for habeas relief even if he did, the Court does not consider these statements.

REPORT AND RECOMMENDATION
PAGE - 3

habeas review for a cognizable ground of relief after fully exhausting his state court remedies, he must name the proper respondent.

### III.   CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to exhaust state court remedies under 28 U.S.C. § 2254(b)(1)(A).  This Court recommends, in the alternative, that Petitioner's petition be dismissed without prejudice for failure to state a cognizable ground for habeas relief, or for failure to name the proper respondent.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).  Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.  This Court therefore recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

### III.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

REPORT AND RECOMMENDATION
PAGE - 4

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 24, 2023**.

DATED this 2nd day of February, 2023.

S. KATE VAUGHAN
United States Magistrate Judge